Smith, J.
The plaintiffs in error seek in this proceeding the reversal of a judgment of the court of common pleas, setting aside at the same term an order made by it, admitting a certain will to probate and. record. The defendants in error move to strike the petition in error from the files, upon the ground that the plaintiff did not comply with the provisions of section 6716, of the Revised Statutes. That is, that they did not file with the petition a transcript of the final record, or a transcript of the docket or journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of — the fact being, as we understand, that only the renewed application to admit the will to record in the probate court, with the action of that court certifying the cause to the common pleas, and the transcript of the journal entries of that court afterwards made, are filed with the petition.
¥e have full knowledge, from the original case having once before been in this court, that by the action of the probate court, long before, other parties were allowed to intervene and file answers, and contest the probate of such will, and that there are many depositions and papers which had been filed in that proceeding. When the action and judgment of the probate court therein was reversed and remanded *364 to that court for a new trial, application was again made to that court for the admission of the same will to probate, and as is conceded, the probate judge having been interested in the case as an attorney, declined to hear the case, and under the provisions of section 535, of the Revised Statutes, he certified the matters and proceedings to the court of common pleas, and it became his duty to “ forthwith file with the clerk of the court of common pleas, all original papers connected with the proceedings.” In contemplation of law these are now part of the files of the common pleas court, and we can readily see may be very material in determining the question whether there was'error in the judgment of the. court of common pleas complained of, and they should have been filed with the petition in error.
It. A. Harrison, Bateman & Harper and J. Ledyard Lincoln, for motion.

8. T. Crawford, contra.

Our holding in other cases has been, that if there has been a failure to comply with the provisions of section 6716, that the petition in error will not be dismissed for this reason, but that we would allow or require the papers to be filed in this court. The motion to dismiss now, therefore, will not be granted, but an order may be éntered that unless the proper papers are so filed within a reasonable time, say ten days, the petition will be dismissed.